BR8

**1: CV00-0640**

ISM staff were contacted in reference to your sentence computation. They advise that the credit that you refer to was withdrawn in response to information that they received from the United States Probation Office, District of Vermont. This information indicated that you had received credit for time spent in custody at the time that your Canadian sentence was imposed. This information was forwarded to the Northeast Regional Office and the Central Office for review. Central Office ISM staff, with the consensus of the Office of General Counsel, determined that credit had been given on your Canadian sentence, for the time that you served, and directed that the credit be withdrawn from your federal sentence.

FILED
SCRANTON

APR 10 2000

PER _____
DEPUTY CLERK

BP-9

**REQUEST FOR ADMINISTRATIVE REMEDY RESPONSE**
CASE NO.: 197730-F1
NAME: Koski, Glen
REG. NO.:03235-082

This is in response to your Request for Administrative Remedy, in which you state that you have not received prior custody credit you believe you are entitled to. Specifically, you appeal the withdrawal of credit for time that you spent in U.S. custody awaiting extradition to Canada and in the custody of Canadian authorities awaiting sentencing.

You were arrested by U.S. authorities on July 30, 1991, and held for extradition to Canada. You remained in U.S. custody until August 16, 1992, when you were extradited to Canada. You remained in Canadian custody and you were sentenced to a four-year term of imprisonment on October 13, 1992. Your Canadian sentence began to run on that date. The time that you spent in custody from July 30, 1991, through October 12, 1992, was not spent serving any sentence, but was time spent in custody prior to the imposition of a sentence or what is called prior custody credit.

Information received at this institution from the Canadian Correctional Service indicated that you did not receive any credit for time you spent in custody prior to sentencing. Based on this information, your federal sentence was credited with this period of time. This award was made in accordance with Bureau of Prisons Program Statement 5580.28, Sentence Computation Manual-CCCA, which states, in quoting 18 U.S.C. 3585(b), "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--. . .that has not been credited against another sentence."

ISM staff at this institution were advised by the U.S. Probation Office, District of Vermont, that time you spent in custody awaiting extradition to Canada and in Canadian custody prior to sentencing had been credited against your Canadian sentence. A transcript of your Canadian sentencing hearing was provided by that office. This transcript reflects that the Canadian Court took into account the time that you spent in custody when imposing your sentence. The Canadian Court also took into account your guilty plea during sentencing, however, the Court did not indicate that the lesser sentence was as a result of any plea agreement. This information was forwarded to the Bureau of Prisons, Northeast Regional Office and Central Office. The information was reviewed by Central Office, ISM Branch, and the Office of General Counsel. It was determined that the Canadian Court had given credit for time served and that the credit should be withdrawn from the federal sentence for that reason.

The Bureau of Prisons, in determining awards of prior custody credit, considers information from official sources, such as U.S. Probation Offices, and then makes the determination of whether or not credit should be granted.

Based on the information that has been received regarding your Canadian sentence, the sentences of other individuals involved in your case are being reviewed to ensure that prior custody credit has been properly applied.

Based on the above information, your request to have the withdrawn prior custody credit reinstated is denied.

_____          10/20/99
W. J. Jusino, Warden                  Date

KOSKI, Glenn
Reg. No. 03235-082
Appeal No. 197730-R1
Page One

### Part B - Response

You appeal the decision of the Warden at FPC Allenwood to deny your request that prior custody credit previously withdrawn be reinstated. You further stated that your co-defendants were granted the credit.

A review of our records reveal the following. United States authorities arrested you on July 30, 1991, as a fugitive from Canada For Flight to Avoid Prosecution. On August 16, 1992, you were extradited to Canada where you remained in custody until receiving your 4-year Canadian sentence on October 12, 1992. The Canadian sentencing transcript indicates that the time spent in custody prior to sentencing was considered in determining the sentence which was imposed.

On January 19, 1999, you received a 30-month federal sentence imposed in U.S. District Court for the District of Vermont for Violations of the Maritime Drug Act. Prior custody credit is awarded pursuant to 18 U.S.C. § 3585(b), which provides that credit be given for time spent in official detention as a result of the offense for which the sentence was imposed; or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u>. The Canadian sentencing transcript indicates that the Canadian sentencing judge afforded you credit for the time in official detention from July 30, 1991, through October 12, 1992, when fashioning your 4-year Canadian sentence. Therefore, that credit will not be applied to your federal sentence. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W. Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: December 3, 1999

DAVID M. RARDIN
Regional Director

Administrative Remedy No.   197730-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you are requesting the Bureau of Prisons reinstate credit toward service of your federal sentence from July 30, 1991, through August 16, 1992.  You allege: 1) your "due process" rights were denied by the U.S. Probation Office, 2) the U.S. Probation office exceeded its statutory authority under 18 U.S.C. § 3603, and 3) your co-defendants were granted this credit toward their federal sentences.

In accordance with 18 U.S.C. § 3585(b), you are given credit for any time spent in official detention prior to the date your federal sentence commences that has not been credited against another sentence.  As indicated by the Warden and Regional Director, you may not receive this credit toward your federal sentence because it had been credited toward your Canadian sentence.  Due to Privacy Act considerations, we are not at liberty to discuss the calculations of your co-defendants' sentences.

As to your claims regarding U.S. Probation, you must address your issues directly with that agency.

Your appeal is denied.

Feb. 3, 2000
DATE

Harrell Watts, Administrator
National Inmate Appeals