DMB:KLM:slg:2000V00478

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GLEN WILLIAM KOSKI,
      Petitioner

v.   :   Civil No. 1:CV-00-0640
     (Judge Rambo)

UNITED STATES,
      Respondent

### RESPONSE TO HABEAS CORPUS PETITION

This is a habeas corpus petition brought by Glen William Koski against the United States.[1] Citing 18 U.S.C. §3585(b), Koski alleges that he is entitled to fifteen months of credit toward his federal sentence based upon time he was in custody prior to serving a Canadian sentence. Petition, at page 5.

Koski filed his habeas petition on April 10, 2000. This Court directed service of the petition on June 9, 2000. The habeas petition should be denied as the fifteen months in question were credited to Koski's Canadian sentence. As such, Koski is not entitled to receive double credit toward his federal sentence.

---

[1] The Warden of the institution where petitioner is confined is the proper respondent in a habeas action. Fed. R. Civ. P. 81(a)(2); 28 U.S.C. §2243; see also Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994). Since the petition improperly names the United States as respondent, the United States should be dismissed and Warden Jusino substituted as the proper respondent in this action.

## Statement of the Case

On July 30, 1991, Koski was arrested by federal authorities and held for extradition to Canada. On August 16, 1992, Koski was extradited to Canada. On October 13, 1992, Koski was sentenced to a term of imprisonment of four years by the Honorable Juge Yves Lagace, J.C.Q., in the Court of Sessions, Montreal, Province of Quebec, Canada, Case No. 01-018172-921, for the offense of Conspiracy to Traffic in a Narcotic. It is this period of pre-sentence imprisonment (July 30, 1991 through October 12, 1992) for which Koski now seeks prior custody credit. (Exh. 1 ¶2.)

On February 12, 1994, Koski was released, via parole to deportation, from his Canadian sentence and deported to the United States. After a trial, Koski was found guilty by a jury for violating of 48 U.S.C. 1903(a)(g) & (j), Maritime Drug Act. Koski was sentenced on January 19, 1999, in the District of Vermont to a term of imprisonment of thirty months. (Id. and Exh. 2 at 1.)

On February 16, 1999, Koski was committed to the custody of the Federal Bureau of Prisons to begin service of his Federal Sentence. Koski has a projected release date of March 1, 2001. (Exh. 2 at 2.)

In computing Koski's sentence, it was determined that Koski was entitled to prior custody credit toward his federal sentence for July 23, 1996 thru July 24, 1996 when he was held at

2

the Chittenden Regional Correctional Center, and May 31, 1997 thru July 17, 1997, when he was held at the Northwest State Correctional Center, Marble Valley Regional, and Northwest State Correctional Center. (Exh. 1 ¶2.) Prior custody credit from July 30, 1991 (date of federal arrest for extradition to Canada) thru October 12, 1992 (the day before the Canadian sentence was imposed), however, was not awarded toward Koski's federal sentence because the Canadian authorities had applied this time toward Koski's Canadian sentence. (Id.)

Subsequently, Koski exhausted all available administrative remedies and filed this habeas petition.

## Question Presented

Should Koski's habeas petition be denied in that Koski is not entitled to receive credit toward his federal sentence for the period in question because it has already been credited to his Canadian sentence?

Suggested answer in the affirmative.

## Argument

### Koski Is Not Entitled To Receive Credit Toward His Federal Sentence For The Period In Question Because It Has Already Been Credited To His Canadian Sentence.

Koski's request that fifteen months should be credited toward his federal sentence must be denied. See 18 U.S.C.A. §3585(b). Koski seeks to have his sentence reduced due to the fifteen months which he spent in custody prior to his Canadian sentencing on October 13, 1992. This time, however, has already been credited to his Canadian sentence and may not be double credited against his federal sentence. The Bureau of Prisons, therefore, cannot reduce Koski's sentence as requested. (Exh. 1 ¶2.)

Federal law mandates that while a prisoner must be given credit for time spent in official detention prior to his sentencing, <u>no credit</u> may be given toward a federal sentence for time <u>which has previously been credited toward any other sentence</u>. See 18 U.S.C.A. §3585(b) (emphasis added). See also Rios v. Wiley, 201 F.3d 257, 271-73 (3rd Cir. 2000). The Supreme Court has interpreted this statute as constituting the unambiguous intent of Congress that "a defendant [can] not receive double credit for his

4

detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see Rios, 201 F.3d at 272; U.S. v. Dennis, 926 F. 2d 768, 769 (8th Cir. 1991)(a defendant is entitled to credit for time spent in official detention only if it has not been credited against another sentence).

Koski contends that his federal sentence should be reduced by fifteen months to reflect the time which he spent in pretrial detention from July 30, 1991 through October 12, 1992 even though this period of time was credited to his Canadian sentence. As just discussed, Koski may not be awarded credit twice for the same period of time. See 18 U.S.C.A. §3585(b). Accordingly, the Bureau of Prisons properly exerted its authority by refusing to award credit to Koski's Federal sentence for the period of time which had previously been credited toward his sentence by Canadian authorities. (Exh. 1 ¶2.); 18 U.S.C. 3585(b); Rios, 301 F.3d at 272.

## Conclusion

For the above-stated reasons, Koski's habeas petition should be denied.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*/s/ Kate Mershimer*

KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754

Date: June 29, 2000

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GLEN WILLIAM KOSKI,                :
    Petitioner         :
                                   :
    v.                 :   Civil No. 1:CV-00-0640
                                   :   (Judge Rambo)
UNITED STATES,                     :
    Respondent         :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 29th day of June, 2000, she served a copy of the attached

**RESPONSE TO HABEAS CORPUS PETITION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Glen William Koski
Reg. No. 03235-082
F.P.C. Allenwood
P.O. Box 1000
Montgomery, PA 17752-9718

                                                 /s/ Shelley L. Grant
                                                 SHELLEY L. GRANT
                                                 Paralegal Specialist