# JUDGE'S COPY

PAGE 1 of 4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GLEN WILLIAM KOSKI :
      Petitioner    :
              :
              :
              :
UNITED STATES     :
      Respondent    ;

CIVIL NO. 1:CV-00-0640
(Judge Rambo)

**FILED**
**HARRISBURG, PA**

JUL 1 4 2000

MARY E. D'ANDREA, CLERK
PER _____
      DEPUTY CLERK

Petitioners reply to respondents response;

      In reply to the response of the respondent filed June 29, 2000
To the 18 U.S.C. 3585(b) petition for the 15 month credit for time served
(primarily in Federal Prison), previously granted by the Bureau of Prisons
and unilaterally, without notice in an ex parte manner resumed the
petitioner states:

      The response totally omits the pivitol piblic record undisputed
facts:
      The essence of the faultiness of the respondent's response lies
in those facts that it does not address and indirectly attempts to conseal
from this court or conceed they are:

      1) Prior Quasi Juradicial Judgement of Bureau of Prisons

      The sentencing Judge in this case directed the Bureau of Prisons
to investigate and make a decission respectfully 15 months served by the
petitioner for which he originally did not receive credit. In the original
sentence monitoring computation date, the Bureau of Prisons erroneous
reflecting of only "50" days :total prior credit time", (exhibit A attached)
A Quasi-Judicial Inquery hearing and judgement was entered correcting that
error. Finding that a total prior credit time of "491" days was correct
and the same was vested to the credit of the petitioner. (exhibit B
attached)

      This altercation was made after an extensive presentation and
revealing of evidence supporting the basic undisputable fact that <u>no</u> credit
was given, even by the Canadian authorities for the undisputed time served
period served and incarceration by and of this petitioner in the United
States and parically in Canada for the period of 14.5 months plus good
time.

      This determination was made without formal notice to an oppor-
tunity of presentation of evidence by the petitioner. Upon a full record
of evidence the Bureau of Prisons reversed its judgement that a credit of
"491" days rather than "50" days was correct. The respondent was duly
notified of this order. <u>No</u> appeal of that determination was taken by the
respondent, United States.
      In support of its judgement the proofs - undisputed - Included
      (A) The record of the Candian proceeding was void of the granting
of any credit for time served. It was noted in the procedural history of
the tribunal, but not addressed in the sentence imposition.
      (B) The two co-defendants who were granted bail, unlike this

they were not incarcerated during the interim time in question pending sentencing. In fact defendants Bill Greer and Steve Hutching the ring leaders in the Candian proceeding, they both received the same sentence of 8.5 years even though Bill Greer was out on bail and not incarcerated the entire time time served credit was not addressed. Gene Beaudry was also out on bail for over a year doing very little pre-sentence detention time. He was sentenced to 30 months due to his limited role in the charged crime. the remaining 6 defendants received four years, including this pititioner. In no case was the issue of time served judically determined it was oblegated to the Bureau of Prisons.

(C) Thereafter the two defendants who were sentenced under a non testifing plea agreement were granted at that time the time served credit against their gross sentence. They, Joseph Desuatels and Claire Cunningham were sentenced by two seperate and different Judges who independent of each other granted the time served credit. In both cases it was deducted from the gross sentence, the respondent, United States, did not appeal those determination either. In all other cases the respondent agreed that the defendants were entitled to the credit for whatever time they previously served.

(D) In the case of this petitioner Glen William Koski, now before this court the sentencing Judge delegated the calculation of the pre-sentence time served to the Bureau of Prisons, At no time was these any issues (or) dispute that substantual time off incarceration existedto be credited. It was an issu of calculation of the number of days in fact previously served. As in the case of co-defendants Bill Greer and Steve Hutchins this petitoner is entitle to a calculation credit. There was never an issue of wheather it was determined and addressed by the Candian court. It was not the attempto discriminate against the petitioner at this late date is a shame and meritless response. The plea agreement in Canada, as the records reflects, was prearranged over weeks of nogotiations. The Crown prosecutors agreed with the counter offer of this petitioner due to the fact that their alledged key witness was not at all creditable. It was undisputed that his effectiveness was tarnished by the fact that he was coersed due to that effect that the confession was beaten out of him. On the other hand petitioner agreed to the terms of the plea agreement (i) because the Crown told one of the attorneys that if the matter was taken to trial they would stall as long as they could and petitioner's then continuing incarceration would be served in the worst prisons. (ii) petitioners understanding that eventually a credit for time served would be granted in the United States matter.

(2) **EX PARTE NON QUASI JUDICIAL REVERSAL OF BUREAU OF PRISONS PRIOR DETERMANATION:**

Substantially after the aforementioned determanation of the Bureau of Prisons granting the time served credit and well after anytime for appeal had exoired for the respondent to contest the same. An ex parte communication concealed from the petitioner at the time occured between an agent of the United States Probation Office. Unilaterally without notice (or) hearing to this petitioner the Bureau of Prisons reversed its prior determanation see exhibit C - changing the 491 day credit determanation to 50 days.

The petitioner then persued the torturous futile exhaustion of administrative remedies presequesite to this Habeas pettition now before this court. Petitioner should have been released on September 20, 1999 and since that date has been illegally detained.

## LEGAL AGREEMENT REPLY

1) The ex parte - consealed - proceeding revoking the 491 day credit is unconstitutional.

18 U.S.C. 3585(b) vested in this petitioner a clear right to the credit privously granted of 491 days. The denial of such a credit is a constitutional violation, Reno V. Koray 515U.S.C.132 L.Ed.2 of 46 (1995)

In a series of recent cases decided by the United States Supreme Court the attempe judically to increase of period of incarceration without due process is a serious constitutional infringement. Apprendi V New Jersey, docket no. 99-478 decided June 26, 2000 and Jones V. United States 526 U.S.227 (1999).

Ex parte Judical, no less quasi-judical proceedings have long and continually been deemed a flagrant violation of a defendants constitutional rights. Gardner V. Florida  430 U.S. 349 (1997) United States V. Mikaelian F3d(9th cir. 1999) no.97-50174. United States V. Mark Marks PA.,FLA.,DIST.CT. App,no4D98-1601 (3/29/00)

2) The unilateral ex parte voiding of the 491 day credit is in violation of petitioners statutory rights.
in addition to the unconstitutional infringements point out a series of statutory violations have been inflicted.

Firstly the clear language of 18 U.S.C.3585(b) mandates the 491 day credit

Secondly the United States Probation Office exceeded its statutory authority ynder 18 U.S.C. 3603 by its actions. It was clearly userped the authority of the sentencing court. 18 U.S.C.3603 sets forth the duties of the probation office. This office has no authority to file ex parte petitions to the Bureau of Prisons with respect to a unilateral reversal of a credit determanation. Further the statue does not vest in that office authority to act in a judicial capacity interpreting a Candian court sentence.

Thirdly, as a direct result of the unconstitutional and statutory violations this petitioner has lost his elegibility for the benefits of the subtance abuse program under 18U.S.C. 3621(e) thereby deneying him an early release date as mandated by this statue. As part of petitioners sentence the United States District Court "strenously Reccommended" that he take part in the substance abuse program. Petitioner complied. Soon after being obtained the Bureau of Prisons decided and informed petitioner he would receive credit which would allow him to be released on September 20, 1999. He therefore was deemed not eligable for the early release date. Thereafter in September 1999, after the unilateral ex parte revocation of his credit, he lost his opportunity, as his illegally declared amended release date did not fall within the guidelines. As a direct result of the illegal acts, the probation department implemented ex parte by the Bureau of Prisons this petitioner lost his statutority mandated reduction of sentence.

## CONCLUSION

In view of the basis set forth in this petitioners initaial petition for Writ of Habeas Corpus bt person in federal custody pursuant to 28 U.S.C. 2241 as supplimented by this reply, it is respectfully requested that this petition be granted and petitioner released immediately. Petitioner should have been released on September 20, 1999 and instead is now schedule for release on September 27, 2000.

Respectfully Submitted

Glen William Koski    7/10/2000

GLEN WILLIAMKOSKI

### CERTIFICATE OF SERVICE

        The undersigned does hereby certify that he has simultaneously served a copy of the above reply, by certified mail to:

        KATE L. MERSHIMER
        ASSISTANT U.S. ATTORNEY
        228 WALNUT STREET
        P.O. BOX 11754
        HARRISBURG, PA.
            17108-1754

                                 *Glen William Koski*  7/10/2000
                                GLEN WILLIAM KOSKI

ALWA1  540*23 *      SENTENCE MONITORING      *      04-22-1999
PAGE 002 OF 002 *            COMPUTATION DATA            *      08:40:26
                            AS OF 04-22-1999

REGNO..: 03235-082 NAME: KOSKI, GLENN

---------------------------CURRENT COMPUTATION NO: 010 ---------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-22-1999 AT ALW AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN............: 02-16-1999
TOTAL TERM IN EFFECT..............: 30 MONTHS
TOTAL TERM IN EFFECT CONVERTED....: 2 YEARS        6 MONTHS

JAIL CREDIT.......................:    FROM DATE      THRU DATE
                                       07-23-1996     07-24-1996
                                       05-31-1997     07-17-1997

TOTAL PRIOR CREDIT TIME...........: 50
TOTAL INOPERATIVE TIME............: 0
TOTAL GCT POSSIBLE................: 117
TOTAL GCT AWARDED.................: 0
STATUTORY RELEASE DATE (CURRENT): 06-26-2001
SIX MONTH /10% DATE...............: 12-13-2000
EXPIRATION FULL TERM DATE.........: 06-26-2001

PROJECTED SATISFACTION DATE.......: 03-01-2001
PROJECTED SATISFACTION METHOD.....: GCT REL

G0000      TRANSACTION SUCCESSFULLY COMPLETED

Exhibit A.

```
ALWA1   540*23 *          SENTENCE MONITORING          *    05-18-1999
PAGE 002 OF 002 *          COMPUTATION DATA            *    10:59:31
                            AS OF 05-18-1999

REGNO..: 03235-082 NAME: KOSKI, GLENN


----------------------CURRENT COMPUTATION NO: 010 ----------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-18-1999 AT ALW AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN............: 02-16-1999
TOTAL TERM IN EFFECT..............:    30 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    2 YEARS        6 MONTHS

JAIL CREDIT.......................:    FROM DATE      THRU DATE
                                        07-30-1991     10-12-1992
                                        07-23-1996     07-24-1996
                                        05-31-1997     07-17-1997

TOTAL PRIOR CREDIT TIME...........: 491
TOTAL INOPERATIVE TIME............: 0
TOTAL GCT POSSIBLE................: 117
TOTAL GCT AWARDED.................: 54
STATUTORY RELEASE DATE (CURRENT): 02-17-2000
SIX MONTH /10% DATE...............: 09-29-1999
EXPIRATION FULL TERM DATE........: 04-11-2000


PROJECTED SATISFACTION DATE.....: 12-16-1999
PROJECTED SATISFACTION METHOD...: GCT REL


G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

*Exhibit B.*

```
ALWA6  540*23 *           SENTENCE MONITORING         *    09-29-1999
PAGE 002 OF 002 *          COMPUTATION DATA           *    10:41:53
                           AS OF 09-29-1999

REGNO..: 03235-082 NAME: KOSKI, GLENN


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-29-1999 AT ALW AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 02-16-1999
TOTAL TERM IN EFFECT............:    30 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     2 YEARS        6 MONTHS

JAIL CREDIT.....................:   FROM DATE       THRU DATE
                                    07-23-1996      07-24-1996
                                    05-31-1997      07-17-1997

TOTAL PRIOR CREDIT TIME.........: 50
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 117
TOTAL GCT AWARDED...............: 0
STATUTORY RELEASE DATE (CURRENT): 06-26-2001
SIX MONTH /10% DATE.............: 12-13-2000
EXPIRATION FULL TERM DATE.......: 06-26-2001


PROJECTED SATISFACTION DATE.....: 03-01-2001
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: COMPUTATION UPDATED 9-29-99 TO DELETE PRIOR CUSTODY CREDIT PER
                CENTRAL OFFICE MEMO.




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

Exhibit C.