

Law Clerk's Copy

DMB:KLM:slg:2000V00478

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
AUG 4 2000
MARY E. D'ANDREA, CLERK
Per _____

| | |
|---|---|
| GLEN WILLIAM KOSKI,<br>　　　　Petitioner<br><br>　　　　v.<br><br>UNITED STATES,<br>　　　　Respondent | :<br>:<br>:<br>: Civil No. 1:CV-00-0640<br>: (Judge Rambo)<br>: PRSLC Balisario<br>: |

**RESPONDENT'S REPLY TO PETITIONER'S TRAVERSE**

This is a habeas corpus petition brought under 28 U.S.C. §2241, by Glen William Koski, who is currently confined at FPC Allenwood. Koski alleges that he is entitled to an additional fifteen months, i.e., 441 days, of credit toward his federal sentence based upon time he was in custody prior to serving a Canadian sentence.

On June 29, 2000, the respondent opposed Koski's habeas petition arguing that federal law prohibits a federal defendant from being credited with time spent in custody prior to the federal sentence being imposed **if** that custodial time had been credited against another sentence. The BOP further argued that the 441 days Koski sought credit for had already been credited to his Canadian sentence such that Koski could not receive double credit as to his federal sentence.

On July 10, 2000, Koski filed a traverse to respondent's Response To Habeas Corpus Petition, indicating that the Bureau of

Prisons ("BOP") *initially* had determined that a total of 491 days would be credited to his federal sentence. Then, without giving him a hearing, Koski alleged that the BOP changed its decision to grant him only 50 days credit, thus removing 441 days of credit.[1] Koski argued that the BOP's decision granting the additional 441 days of credit had created a liberty interest such that his due process rights were violated when the BOP revoked the credits without giving him a hearing.

Koski did not make this liberty interest claim in his initial habeas petition. Accordingly, after Koski raised the issue in his traverse, the BOP requested leave to file a reply. This brief is now filed to address Koski's liberty interest claim.

### Statement of the Case re the Liberty Interest Claim

Section 3585(b) of Title 18, 18 U.S.C. §3585(b), explicitly states that prior custody credit may be granted for any period of incarceration prior to the date of sentencing "that has <u>not</u> been credited against another sentence." Bureau of Prisons Program Statement 5880.28, <u>Sentence Computation Manual -- CCCA</u>, explains the procedures for determining and granting prior custody

---

[1] Specifically, Koski stated that on April 22, 1999, the BOP's the sentencing monitoring computation data indicated that Koski had 50 days of "total prior credit time." Traverse, Exh. A. Next, on May 18, 1999, the sentencing monitoring computation data indicated that Koski had 491 days of credit. Traverse, Exh. B. On September 29, 1999, the sentencing monitoring computation data statement indicated that Koski had 50 days of credit. Traverse, Exh. C.

2

credit to inmates. The Program Statement dictates that if prior custody credit is granted, but records later reflect that the period of time in question was previously credited toward another sentence, the credit must be revoked. (Exh. 1 ¶4 and p. 5-24.)

We note that when an inmate is incarcerated by the BOP, his sentence is initially computed upon his arrival to an institution. That sentence computation is then perpetually audited to account for any necessary changes. Additionally, each computation is periodically reviewed in order to ensure that no mistakes were made. (Exh. 1 ¶5.)

In Koski's case, when Koski arrived at FPC Allenwood on February 16, 1999, staff computed the duration of his sentence. Initially, Koski was granted 50 days of "prior custody credit." Traverse, Exh. A. The following month, in May 1999, the period of time in question, July 30, 1991 until October 12, 1992 (441 days or 15 months), also was credited toward his federal sentence. Traverse, Exh. B. This was because there was no indication in Koski's file that the 441 days had been credited toward any other term of imprisonment. Thus, according to the May 1999 sentence computation, Koski's release date would have been December 16, 1999. (Exh. 1 ¶6.)

In September 1999, Koski's sentence was reviewed by BOP personnel pending his release. At that time, the United States Probation Office provided materials that indicated that a mistake had been made in the sentence computation. Specifically, it was

3

found that the 441 days of prior custody credit (from 7/30/91 to 10/12/92) was improperly credited toward Koski's federal sentence. As reflected in the Canadian sentencing transcript, this period of time had been previously credited toward Koski's Canadian sentence. To correct this error, Koski's sentence computation was amended and the 441 days that had been credited toward Koski's Canadian sentence were removed as credit from Koski's federal sentence. Koski's new projected release date became March 1, 2001 via good conduct time release. (Exh. 1 ¶7 and p. 26-55.)

Before this September 1999 review of Koski's sentence calculation, none of the materials submitted by the United States Probation office had been reviewed by any staff member at FPC Allenwood. As a result, although FPC Allenwood staff were aware of the Canadian sentence, they were not aware that the Canadian court had credited Koski's sentence for the time inmate Koski was detained prior to his Canadian sentencing. (Exh. 1 ¶8.)

Prior to amending Koski's sentence computation, staff consulted with the Northeast Regional Office Inmate Systems Administrator and the Bureau of Prisons Central Office Inmate Systems Administrator. Additionally, staff consulted with the Northeast Regional Counsel's Office and legal staff at the Federal Correctional Complex, Allenwood, Pennsylvania. All of the consulted staff members agreed that because inmate Koski's Canadian sentence had been credited with the period of time in question, i.e., the 441 days, it would violate Bureau of Prisons policy, as

4

well as 18 U.S.C. §3585(b), to also credit Koski's federal sentence with this same period of time. As a result, the credit of 441 days was removed from Koski's sentence computation. (Exh. 1 ¶9 and p. 5-24.)

Although Koski claims the BOP made a "quasi-judicial judgment," see Traverse, at pg. 1, at no time did the BOP make a "quasi-judicial judgment" to determine the amount of prior custody credit that should be awarded. (Exh. 1 ¶10.) The American sentencing court also made no mention of prior custody credit in its Judgment and Commitment Order. (Exh. 1 ¶10 and p. 57-65.)

Additionally, Koski did have appeal rights if he was dissatisfied with any aspect of his sentence computation. Under the BOP's administrative remedy procedures, an inmate may appeal any aspect of his sentence computation to the Warden of the institution. An adverse decision can then be appealed to the appropriate regional office, and finally to the BOP Central Office. In this case, Koski did pursue all of his administrative appeals to challenge the denial of 441 days of credit and he was denied relief at all three levels. (Exh. 1 ¶11.)

Argument

**KOSKI DOES NOT HAVE A LIBERTY INTEREST IN A BOP DOCUMENT CALCULATING PRIOR CUSTODY CREDITS; REGARDLESS, EVEN IF A LIBERTY INTEREST WAS CREATED, KOSKI WAS GIVEN ALL THE PROCESS HE WAS DUE.**

In pursuing his liberty interest claim, Koski rests upon the Fifth Amendment's due process clause. See Lyle v. Dodd, 857 F.Supp. 958, 966 (N.D. Ga. 1994)(it is axiomatic that the Fifth Amendment due process clause applies only to the federal government, while the Fourteenth Amendment due process clause applies to the states). Accordingly, protectable liberty interests are only those created by the constitution or federal law. Sturm v. Clark, 835 F.2d 1009, 1013 (3rd Cir. 1987). In the prison context, protectable liberty interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the due process clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 482-44 (1995).

We concede that Koski generally has a liberty interest not to serve a sentence greater than the one imposed. Certainly, if Koski thinks his sentence and credits toward that sentence have been calculated incorrectly, he has a right to challenge that by way of habeas petition, as he has done here. But the mere fact that a Bureau of Prisons document reflected, incorrectly, that

6

Koski was entitled to greater "prior custody credit" toward service of his sentence than actually was the case, does not, in and of itself, create a liberty interest. See generally <u>United States v. Ohler</u>, 22 F.3d 857 (9th Cir. 1993)(transfer of defendant's probation jurisdiction from the district where the crime occurred to the district where the defendant resided and where probation violations allegedly occurred did not implicate a liberty interest). Koski certainly has not cited any law recognizing such a liberty interest under such facts.

Even if a BOP document containing a miscalculation did create a liberty interest, the next question one must ask is what process is due. <u>Morrissey v. Brewer</u>, 408 U.S. 471, 481 (1972). Due process is flexible and only calls for such procedural protections as the particular situation demands. <u>Id</u>. Thus, a hearing is not required in every situation.

In this case, we submit that Koski was afforded due process through the administrative remedy process. When advised of the BOP's latest calculation of his release date, Koski pursued his available administrative remedies. Although Koski was denied relief at all three levels of the administrative remedy process, he had the opportunity to present any arguments or documents that would support his contentions. Due process requires nothing more under the circumstances. See <u>United States v. Luck</u>, 664 F.2d 311, 313 (D.C. Cir. 1981)(calculating the time a defendant's sentence was extended due to his escape was different than the forfeiture of

7

good time credit and did not require a hearing on the recomputation of his sentence). Cf. United States v. Silver, 83 F.3d 289, 291-92 (9th Cir. 1996)(extension of defendant's probation does not implicate a liberty interest sufficient to require a hearing);

## Conclusion

For the above-stated reasons, the BOP's original miscalculation of Koski's sentence did not create a protectable liberty interest and, if it did, Koski was given the process he was due. Further, as demonstrated in our response to the habeas petition, the BOP correctly calculated Koski's federal sentence. Accordingly, Koski's habeas petition should be denied.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut St., 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
717/221-4482

Date:  August 3, 2000

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GLEN WILLIAM KOSKI,
    Petitioner

v.                              Civil No. 1:CV-00-0640
                                     (Judge Rambo)
UNITED STATES,
    Respondent

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 4th day of August, 2000, she served a copy of the attached

### RESPONDENT'S REPLY TO PETITIONER'S TRAVERSE

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Glen William Koski
Reg. No. 03235-082
FPC Allenwood
P.O. Box 1000
Montgomery, PA 17752-9718

_____
KATE L. MERSHIMER
Assistant U.S. Attorney