2 G+

DMB:KLM:slg:2000V00478

ORIGINAL

FILED
HARRISBURG
APR 26 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

15
4/27/0

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GLEN WILLIAM KOSKI,  :
    Petitioner  :
  :
v.  :  Civil No. 1:CV-00-0640
  :  (Judge Rambo)
UNITED STATES,  :
    Respondent  :

## SUPPLEMENTAL NOTICE TO THE COURT

This is a habeas action brought by a federal prisoner, Glen William Koski, who sought 15 months of credit toward his federal sentence under 28 U.S.C. §3585(b). The inmate brought his habeas petition in April 2000. The government opposed the habeas petition in June 2000, explaining that the 15-month pre-sentence period of custody for which Koski sought to have his federal sentence credited had already been credited to Koski's Canadian sentence. Thus, the government argued that Koski could not receive double credit for the 15-month period of imprisonment.

Subsequently, the government learned that on March 1, 2001, Koski had been released from confinement into the community. As a result, believing that Koski had received the relief requested in his habeas corpus petition, the government suggested to the Court that the case could be dismissed as moot.[1] See Notice of

___

[1] As will be seen below, the better way to look at this issue of mootness is not so much that Koski obtained the relief he sought

Mootness (citing <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974)("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."); <u>Rosenburg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985)("Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects."(citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974))).

Recently, court staff requested the government to clarify whether Koski had any additional time to serve on his federal sentence, such as a period of parole, probation, or supervised release, which could effect the issue of mootness. This supplemental response is submitted to answer that question in the affirmative and to clarify why dismissal based on mootness is still appropriate.

Addressing Koski's federal sentence first, on January 19, 1999, Koski received a federal sentence of 30 months imprisonment, to be followed by a term of 3 years of supervised release. After being given credit for 2 days spent in custody in July 1996 and 48 days spent in custody from May 31 through August 17, 1997, plus receiving good time credit, Koski completed his term of incarceration and was released from confinement on March 1, 2001.

---

as that Koski's sentence of incarceration had ended and the Court could not grant Koski the relief he sought -- a release date earlier than March 1, 2001.

2

Upon his release into the community, Koski began serving his 3-year period of supervised release.

That Koski still must serve a term of supervised release, however, does not alter the fact that this case has become moot. The reason why is that a "term of supervised release" is different from a "term of incarceration." "Supervised release," unlike parole, is a statutory provision that serves the purpose of rehabilitation by assisting individuals in their transition to community life. While a "prison term" and a "release term" are related, in that the latter cannot begin until the former ends, the terms are not interchangeable. See United States v. Johnson, 529 U.S. 53, 58-59 (2000). Put another way, supervised release is not "confinement" but, rather "is a unique method of post-confinement supervision invented by the Congress for a series of sentencing reforms." Gozlon-Peretz v. United States, 498 U.S. 395, 407 (1991); Johnson, 529 U.S. at 60 (quoting same).

The difference between the two terms is best understood by reviewing the recent Supreme Court decision in Johnson, supra. In that case, Johnson initially had received a sentence of 51 months imprisonment, plus two consecutive 60-month terms of imprisonment, to be followed then by a 3-year term of supervised release. After the Supreme Court issued its Bailey decision,[2]

---

[2] Bailey v. United States, 516 U.S. 137 (1995).

3

Johnson's sentence was reduced to 51 months and Johnson was immediately released in that he had served far more than 51 months.

Johnson then moved to have his 3-year term of supervised release reduced by 2.5 years -- the extra time served on his vacated §924(c) convictions. The Sixth Circuit agreed with Johnson's motion, finding that while supervised release served rehabilitative purposes, it also was "punitive in nature" such that the extra 2.5 years spent incarcerated could be credited to the 3-year term of supervised release. The Supreme Court reversed, holding that Johnson's supervised release sentence could **not** be reduced by the excess time spent incarcerated -- with supervised release not beginning until a defendant was actually released from prison. The Supreme Court further concluded that the Sixth Circuit had erred in treating Johnson's time in prison as interchangeable with his term of supervised release. Johnson, 529 U.S. at 55-60.

Turning back to this case, Koski's habeas petition challenged the BOP's failure to credit his "period of incarceration" with time he had spent in custody prior to his federal sentence being imposed. (As noted before, the BOP did not credit Koski's federal sentence with this pre-sentencing custody time because this same period of pre-sentencing custody time had been credited to Koski's Canadian sentence and federal law prohibited a defendant from receiving double credit).

4

Once Koski's federal term of incarceration was completed on March 1, 2001, Koski's habeas petition became moot. Even if Koski had been entitled to have his federal sentence, i.e. the 30-month term of incarceration, credited with the disputed pre-sentence custody time, this part of his sentence -- the term of incarceration -- has ended and the Court, we respectfully submit, cannot grant habeas relief. As the holding in <u>Johnson</u> makes clear, that Koski still has a three-year term of supervised release to complete is a separate matter from his term of incarceration, which is over. As such, the Court cannot credit Koski's 3-year term of "supervised release" with the disputed pre-sentence custody time of "incarceration" and the case is moot.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*/s/ Kate Mershimer*

KATE L. MERSHIMER
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
228 Walnut Street
Post Office Box 11754
Harrisburg, PA  17108
717/221-4482

Dated: April 26, 2001

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GLEN WILLIAM KOSKI,    :
    Petitioner    :
                          :
    v.    :   Civil No. 1:CV-00-0640
                          :   (Judge Rambo)
UNITED STATES,    :
    Respondent    :

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on April 26, 2001, she served a copy of the attached

**SUPPLEMENTAL NOTICE TO THE COURT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Glen William Koski
25 Hill Road
South Hero, Vermont 05486

*Shelley L. Grant*
SHELLEY L. GRANT
Paralegal Specialist