File

(16)
5/1-01
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GLEN WILLIAM KOSKI,**     :     CIVIL NO. 1:CV-00-0640

    Petitioner               :

    v.                                 :     **FILED**
                                        HARRISBURG, PA

**UNITED STATES,**            :     MAY 01 2001

    Respondent         :     MARY E. D'ANDREA, CLERK
                                     Per _____ Deputy Clerk

**MEMORANDUM and ORDER**

**Background**

        This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Glen William Koski, during his prior confinement at the Allenwood Federal Prison Camp, Montgomery, Pennsylvania. The required filing fee has been paid.

        On January 19, 1999, Koski received a federal sentence of thirty (30) months imprisonment, to be followed by a term of three (3) years of supervised release. Koski contends that he is entitled to credit of fifteen (15) months toward service of his federal sentence. Specifically, he asserts that the Federal Bureau of Prisons has failed to credit him for a period of incarceration from July 30, 1991, through October 12, 1992, which he served in Canada, prior to his Canadian sentencing on October 13, 1992. He seeks to have his current sentence reduced by fifteen months. (Doc. No. 1, petition.)

        Following service of the petition, Respondent filed a response stating that the fifteen (15) month period at issue was previously credited toward service of Koski's Canadian sentence and that he is not entitled to an additional fifteen months of jail time credit. (Doc. No. 6.)

Certified from the record
Date 5-1-01
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

On April 9, 2001, Respondent filed a notice to the court indicating that on March 1, 2001, Koski had been released to the community to serve his three (3) year period of supervised release. (Doc. No. 14.) On April 26, 2001, Respondent filed a supplemental notice to the court. (Doc. No. 15.)

## Discussion

In examining the instant matter, the relevant inquiry is whether the pending petition for writ of habeas corpus is now moot due to Koski's subsequent release from prison. E.g., North Carolina v. Rice, 404 U.S. 244, 245-46 (1971); Beshaw v. Fenton, 635 F.2d 239, 241 (3d Cir. 1980). The central issue is whether, as required by Article III, § 2 of the United States Constitution, Koski's petition still presents a case or controversy under the present circumstances. It has been held that the case or controversy requirement of Article III "subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Steffel v. Thompson, 415 U.S. 452, 459 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

It has been held that an incarcerated convict who challenges the validity of his conviction always satisfies the case or controversy requirement by the mere fact of his incarceration. The existing incarceration constitutes the injury, and may be redressable by the invalidation of the conviction. However, in a case like the present, where the incarceration has ended, "some 'collateral consequence' of the conviction –– must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 983 (1998).

2

Koski does not attack the validity of his underlying conviction. Rather, he seeks only a credit of fifteen (15) months toward the time he must serve prior to being released. Koski's federal term of incarceration was completed on March 1, 2001. Koski then began to serve a three (3) year term of supervised release. Supervised release, however, is not confinement, but rather "is a unique method of post-confinement supervision invented by Congress for a series of sentencing reforms." United States v. Johnson, 529 U.S. 53, 60 (2000)(quoting Gozlon-Peretz v. United States, 498 U.S. 395, 407 (1991)). As such, supervised release cannot be reduced by excess time spent incarcerated. Johnson, 529 U.S. at 55-60. Thus, once Koski's term of incarceration was completed on March 1, 2001, his habeas corpus petition became moot, since Koski's incarceration, the only part of his sentence that could be credited, has ended. Even assuming that Koski's petition had merit, this court could not credit his three (3) year term of supervised release. Since the petition no longer presents an existing case or controversy, the case will be dismissed as moot.[1]

Based upon the foregoing, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus is dismissed as moot.
2. The Clerk of Court is directed to close this case.

SYLVIA H. RAMBO
United States District Court

Dated: May 1, 2001.

---

1. To the extent that Koski seeks to challenge the current part of his sentence, he may file a motion with the sentencing court, at the appropriate time, pursuant to 18 U.S.C. § 3583(e)(2) or 18 U.S.C. § 3583(e)(1).

3

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

May 1, 2001

Re:  1:00-cv-00640    Koski v. United States

True and correct copies of the attached were mailed by the clerk to the following:

Glen William Koski
POB 132
South Hero, VT  05486

Kate L. Mershimer, Esq.
U.S. Attorneys Office
Room 217, Federal Bldg.
228 Walnut St.
Harrisburg, Pa  17108

```
cc:
Judge                           (X )        (X ) Pro Se Law Clerk
Magistrate Judge                (  )        (  ) INS
U.S. Marshal                    (  )        (  ) Jury Clerk
Probation                       (  )
U.S. Attorney                   (  )
Atty. for Deft.                 (  )
Defendant                       (  )
Warden                          (  )
Bureau of Prisons               (  )
Ct Reporter                     (  )
Ctroom Deputy                   (  )
Orig-Security                   (X )
Federal Public Defender         (  )
Summons Issued                  (  ) with N/C attached to complt. and served by:
                                     U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5             (  )
Order to Show Cause             (  ) with Petition attached & mailed certified mail
                                     to:  US Atty Gen    (  )    PA Atty Gen  (  )
                                          DA of County   (  )    Respondents  (  )

Bankruptcy Court                (  )
Other_____ (  )
```

MARY E. D'ANDREA, Clerk

DATE: May 1st, 2001                              BY: *[signature]*